UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-mj-101 (DJF)

STATE OF MINNESOTA )
                  ) ss. Richard Berger
COUNTY OF HENNEPIN )

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Richard Berger, being duly sworn, do hereby state as follows:

**INTRODUCTION & AGENT BACKGROUND**

1. I am Special Agent with the U.S. Homeland Security Investigations, Department of Homeland Security (HSI) and have been so employed since September 2009. I am a graduate of the Federal Law Enforcement Training Center, which consisted of the Criminal Investigator Training Program, and U.S. Immigration and Customs Enforcement Special Agent Training.

2. Prior to working with HSI, I was employed as a U.S. Customs and Border Protection Officer for approximately four years. During my career, I have conducted and participated in multiple investigations involving the unlawful importation and the distribution of controlled substances, the assault and hinderance of federal officers while engaged in the performance of their official duties, fraud and identity theft violations, export violations, financial crimes, illegal alien smuggling and human trafficking violations, child pornography, and various immigration violations. During these investigations,

I have conducted physical surveillance, executed arrest and search warrants, reviewed tape-recorded conversations, and personally interviewed numerous sources of information as well as confidential sources.

3.      This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Joseph FRANKLIN for violating Title 18, United States Code, Section 111(a).[1]

4.      This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings at the writing of this affidavit. This affidavit does not include all the details I have learned regarding this investigation.   Rather, it only includes information believed to be sufficient to establish probable cause.[2]

---

[1] "[A]ssaulting a federal employee is a general-intent crime." *United States v. Gustus*, 926 F.3d 1037, 1040 (8th Cir. 2019).

[2] "[P]robable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication" between officers. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993); *see also United States v. Spratt*, 141 F.4th 931, 936 (8th Cir. 2025) (same). In such cases, whether the affiant's knowledge is "first-hand" is "irrelevant" to the probable-cause analysis. *Horne*, 4 F.3d at 585; *see also United States v. Dan Thanh Nguyen*, No. 06-cr-192, 2006 WL 3486993, at *6-8 (D. Minn. Dec. 4, 2006) ("[T]he information in an Affidavit need not be based on the personal knowledge of the affiant."), *aff'd sub nom.*, *United States v. Nguyen*, 526 F.3d 1129 (8th Cir. 2008).

## PROBABLE CAUSE

5.    On January 13, 2026, at approximately 12:45 p.m., Border Patrol Agents (BPAs), including BPA 1 and BPA 2, were conducting official patrol operations in a residential area of South 32nd Ave, Minneapolis, Minnesota, in vehicles not equipped with emergency lights or sirens. The BPAs were dressed in Border Patrol uniforms, including agency-issued body armor and visible law enforcement markings.

6.    During the patrol, the BPAs saw several unidentified vehicles, including one operated by a man later identified as FRANKLIN, continuously following their vehicle, with at least one of the vehicles repeatedly honking its horn at the BPAs. Despite BPAs' attempts to evade him, FRANKLIN continued to tail the BPAs, driving in an aggressive and potentially dangerous manner.

7.    BPA 1 was sitting the back seat of the BPAs' vehicle wearing a body-worn camera that captured the events. In the below still images from the video, BPA 1's camera is turned to face the rear window of the BPAs' vehicle. The image below captures FRANKLIN's vehicle traveling behind one of the other vehicles the BPAs saw tailing them through the residential streets:



8.     Seconds later, FRANKLIN is seen swerving to the other side of the street behind that same vehicle:



9.     FRANKLIN then started to pass the car in front of him to get closer to the BPAs' vehicle:







10.    FRANKLIN then passed the BPAs' vehicle while traveling into oncoming traffic and cut in front of the BPAs' vehicle just moments before causing a head-on collision with a vehicle driving towards him in the opposite

direction:









11.    FRANKLIN then hit his brakes in what the BPAs believed to be an attempt to box them in between FRANKLIN and the other vehicles that were still following the BPAs' vehicle:



12.    The BPAs then turned left onto a side street in an effort to escape FRANKLIN's attempt to box them in:



13.    FRANKLIN kept following the BPAs' vehicle, moving ever closer until he eventually rammed into the back of it:







14.    As BPA 1 and BPA 2 exited their vehicle and approached FRANKLIN, he drove his vehicle in reverse, shifted into drive, and attempted to accelerate forward near where a BPA 2 was walking—albeit unsuccessfully because the road was icy.  As FRANKLIN's car was still moving, BPA 2 issued verbal commands to FRANKLIN to stop the vehicle.   Once FRANKLIN's vehicle came to a stop, BPA 1 and BPA 2 issued verbal commands to FRANKLIN to exit the vehicle.  FRANKLIN exited the vehicle and BPAs took him into custody.

## CONCLUSION

7.    Based on the information set forth above, there is probable cause to believe that the Defendant, Joseph FRANKLIN, forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal law enforcement officer in performance of official duties in violation of Title 18, United States Code, Section 111(a)(1).

Richard Berger
Special Agent
Homeland Security


SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
January 29, 2026

DULCE J. FOSTER
United States Magistrate Judge
District of Minnesota