UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26MJ101 (JNE/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MOTION TO COMPEL ATTORNEY FOR THE GOVERNMENT TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

Joseph Franklin, through his attorney, Siri Carlson McDowell, moves the Court pursuant to the authority of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order to continue to compel disclosure of any evidence in the possession of the prosecution or any of its agents which is exculpatory or relevant for impeachment purposes. This request includes evidence not directly in the possession of the prosecutor, but the existence of which is known, or by the exercise of due diligence may become known to the prosecution, which may be favorable to Mr. Franklin or could reasonably weaken or affect any evidence that may be introduced against him. The order sought by the defense should require the disclosure of all evidence relevant to the subject matter of this case that may in any manner aid Mr. Franklin in the investigation or preparation of his case for trial or sentencing. Disclosure should be made without regard to whether the evidence to be disclosed may be admissible at the trial herein.

The *Brady* and *Giglio* obligations of the government include but are not limited to

the following:

1. Any identification of persons other than Mr. Franklin by witnesses to the crime.

2. Any failure to identify Mr. Franklin by any eyewitness to the crime, or uncertainty in the identification of Mr. Franklin by such a witness.

3. Any statements of any witness exculpating Mr. Franklin.

4. Any statements of any witness, which contradict other statements by that witness, or contradict statements of other witnesses.

5. Any reports of interviews relating to or containing statements or identifications contained in paragraphs 1 through 4.

6. Any fingerprints, handwriting, physical evidence or other specific evidence which was not identified with Mr. Franklin, or any uncertainties or discrepancies in such evidence which did identify Mr. Franklin.

7. Any items seized from parties not charged which tend to identify them rather than Mr. Franklin with commission of the charged crime.

8. Any prior convictions, arrests or criminal involvement of prospective government witnesses.

9. Any offers, promises, or inducements made to prospective government witnesses to secure their cooperation against Mr. Franklin, whether or not the government intends to call those persons as witnesses, and whether or not express deals were entered into with those persons.

10. Any other evidence relevant to impeachment of government witnesses, including evidence of witnesses' prior lies or untruthfulness, witnesses' biases or prejudices regarding the defendant, and the success or failure of witnesses' prior cooperation with the government.

Mr. Franklin requests that the Court order the government to disclose such information promptly, and on an ongoing basis at any future time when additional exculpatory or impeachment evidence is discovered by the government.

Dated: March 16, 2026

Respectfully submitted,

*s/Siri Carlson McDowell*
SIRI CARLSON MCDOWELL
Attorney ID No. 0401693
Attorney for Mr. Franklin
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415