UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-101 (JNE/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH FRANKLIN,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR DEFECTS IN THE CHARGING DOCUMENT**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Zain Abid, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Defects in the Charging Document (ECF No. 27). The Government opposes this motion for the reasons set forth below.

Mr. Franklin moves to dismiss the information under Federal Rule of Criminal Procedure 12(b)(3)(B). Mr. Franklin alleges that the charging document is defective because it "fails to state an offense" and lacks specificity. The Government objects to Mr. Franklin's motion for the reasons set forth below.

Under the Federal Rules of Criminal Procedure, an information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c). An information is legally sufficient if it contains the elements of the offense, informs the defendant of the charges, and enables the defendant to plead an acquittal or conviction as a bar to any future prosecution for the same offense. *United States v. Tebeau*, 713 F.3d 955 (8th Cir. 2013); *United States v. LaTourell, et al.,* No. 20-MJ-0687 (WMW/LIB), 2021 WL 2177595 (D. Minn. May 28, 2021). An indictment will ordinarily be held sufficient unless no reasonable construction can be said to charge the offense. *United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995). Further, an information which "tracks the statutory language" is ordinarily sufficient, even if it does not include elements of the offense as interpreted by judicial decisions. *United States v. Prelogar*, 996 F.3d 526, 531-32 (8th Cir. 2021); *United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020). Here, the government's filed information, *see* ECF No. 14, tracks the statutory language of 18 U.S.C. § 111. Because it tracks the statutory language, the information is sufficient on its face. *See United States v. Lopez*, No. 25-230 (JRT/DJF), 2026 WL 207356 at *3 (D. Minn. Jan. 27, 2026) (holding that an Indictment that tracked the statutory language of 18 U.S.C. § 111(a)(1) was facially sufficient). In addition to the statutory language, the information apprises Mr. Franklin of the time frame of the alleged violation of 18 U.S.C.

111(a)(1), (ECF No. 14), which the Eighth Circuit has recognized provides sufficient specific facts constituting the offense to put a defendant on notice of what conduct the allegation concerns. *See United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011) (affirming the denial of a motion to dismiss an indictment as insufficient, where the indictment set forth the offense in the words of the statute itself, and provided the defendant the time frame of the alleged drug conspiracy and the type of drugs involved); *see also United States v. Olderbak*, 961 F.2d 756, 759-60 (8th Cir. 1992) (affirming the denial of a motion to dismiss an indictment as insufficient when the indictment listed a limiting time frame and specified which drugs were involved and therefore the defendants could not "have failed to realize exactly what conduct" would be at issue at trial). Therefore, the information amply informs Mr. Franklin of the charges and enables him to plead an acquittal or conviction as a bar to any future prosecution for the same offense.

Mr. Franklin argues the information is insufficient because it fails to allege that he assaulted (or opposed, impeded, etc.) the federal officer "voluntarily and intentionally." (ECF No. 27, at 2.). Even if the government must prove Mr. Franklin committed acts "voluntarily and intentionally" at trial, the information is not insufficient for failing to include that language. *See Prelogar*, 996 F.3d at 531-32 (failure to allege two elements imposed by a

Supreme Court decision did not render the indictment insufficient where it tracked the statutory language).

Mr. Franklin cites no authority requiring an information or indictment tracking the language of 18 U.S.C. § 111 to identify the act in question was done "voluntarily and intentionally." To the contrary, this Court has denied a motion to dismiss an indictment with language identical to the language in the information. *Lopez*, 2026 WL 207356. Here, the government's information tracks the statutory language, and like *Lopez*, the charging instrument is therefore sufficient to allege a violation of 18 U.S.C. 111(a)(1).

Lastly, Mr. Franklin contends the charging document is insufficient because it lacks specificity. The Government's position is that the information tracks the statutory language in 18 U.S.C. § 111(a)(1), laying out the essential elements of the crime charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). The information alleges that Mr. Franklin forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a U.S. Border Patrol employee on a given date. Therefore, the charging document specifically explains the date and victim of Mr. Franklin's alleged conduct. This "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." *United States v. Mallen*, 842 F.2d 1096, 1102 (8th Cir. 1988) (citation omitted). This information meets all specificity requirements and provides Mr. Franklin with ample information to

understand the nature of the charges. The Defendant's motion should be denied in its entirety. If any additional briefing is needed, the United States requests a briefing schedule be set at the motions hearing.

**CONCLUSION.**

Based on the foregoing, the United States respectfully requests that the Court deny Mr. Franklin's Motion to Dismiss for Defects in the Charging Document.

Dated: March 30, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Zain Abid*

BY: Zain Abid
Special Assistant U.S. Attorney