UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-101 (JNE/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH FRANKLIN,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS OBSERVATIONS AND STATEMENTS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Zain Abid, Special Assistant United States Attorney, hereby submits its response to Defendant's Motion to Suppress Officer Observations and Defendant's Statements (EFC No. 30). The Government opposes Defendant's motion in part. For reasons set forth below, the Government opposes Defendant's motion as to suppression of officer observations. The Government's does not intend to use, in its case-in-chief, the challenged Defendant statements while under custodial interrogation. For that reason, the Government's position is the Defendant's motion as to suppression of Mr. Franklin's statements to agents made after custodial interrogation is moot.

## FACTS

On January 13, 2026, Border Patrol Agents ("BPAs" or "agents"), including BPA 1 and BPA 2, were patrolling in a residential area in Minneapolis, Minnesota.

While patrolling, BPAs observed several unidentified vehicles following the BPA vehicle at an extremely close distance. An individual, later identified as Joseph Franklin was driving one of the vehicles. Despite the agents' attempts to evade him, Mr. Franklin continued to tail the agents. The agents observed Mr. Franklin driving in an aggressive manner, likely to endanger the agents.

BPA 1's body-worn camera captured the events in this incident. At first, Mr. Franklin's vehicle was behind a Toyota SUV, the vehicle directly tailing the BPA vehicle. Seconds later, Mr. Franklin swerved to the other side of the street, driving in the oncoming traffic lane. Mr. Franklin, then, passed the Toyota SUV to reach the BPAs' vehicle. Mr. Franklin, next, passed, the BPAs' vehicle while traveling into oncoming traffic. Mr. Franklin cut in front of the BPAs' vehicle seconds before nearly causing a head-on collision with a vehicle driving towards him in the opposite direction. The BPA vehicle carrying multiple agents was adjacent to Mr. Franklin's vehicle when he almost caused a head on collision while driving the wrong way of traffic. While in front of the BPA vehicle, Mr. Franklin braked, causing agents to fear he was

attempting to box the BPA vehicle between Mr. Franklin and the Toyota SUV. The agents made a left turn to evade Mr. Franklin's attempt to box the BPA vehicle. Immediately, thereafter, Mr. Franklin made a left turn, following the BPAs at an unsafe distance. Approximately 10 seconds after both vehicles made a left turn onto a side street, Mr. Franklin's vehicle struck the BPAs' vehicle at the rear.

**ARGUMENT**

Mr. Franklin argues the responding BPAs lacked the requisite reasonable suspicion to even temporarily stop him. Law enforcement officers "may briefly detain a person if they have a reasonable articulable suspicion that criminal activity is afoot; a mere hunch will not suffice." *United States v. Pope*, 910 F.3d 413, 414 (8th Cir. 2018). Courts consider the "totality of the circumstances" when assessing whether a reasonable suspicion supported an investigative stop. *Id.* at 414. Additionally, "[t]he Supreme Court has interpreted the Constitution to permit reasonable seizures of persons [for] … a warrantless arrest based on the officer's determination of probable cause …" *Furlow v. Belmar*, 52 F.4th 393, 401 (8th Cir. 2022). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," and the probable cause standard "is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018).

Here, the agents developed reasonable articulable suspicion that

Mr. Franklin violated 18 U.S.C. § 111 (Assaulting, resisting, or impeding certain officers or employees). As Mr. Franklin drove his vehicle the wrong way into oncoming traffic and nearly caused a head on collision, potentially endangering motorists including the BPA vehicle, the agents developed reasonable suspicion to stop the Defendant. Mr. Franklin's aggressive driving and attempts to "box" the BPAs' vehicle impeded their patrolling operations. As such, the agents had the requisite reasonable articulable suspicion to conduct the stop. After Mr. Franklin struck the BPA vehicle, agents developed probable cause to arrest Mr. Franklin for this offense. Citing *United States v. Crews,* 445 U.S. 463, 470 (1963), the Defendant argues the exclusionary rule applies to officer observations. As such, the Defendant argues officer observations of Mr. Franklin should be suppressed. The Government disagrees. *Crews* held that a defendant's in-court identification by a victim is admissible, even if the defendant's arrest was illegal, so long as the identification is based on the witness's independent recollection of the perpetrator from the crime itself. *See Crews* at 474. The holding does not support the exclusionary rule extending to suppression of officer observations.

In observing Mr. Franklin impeding their official duties, the responding BPA agents had the requisite reasonable articulable suspicion to stop him. After developing probable cause to believe Mr. Franklin forcibly

assaulted or impeded federal officers in the course of official duties, the agents lawfully arrested him. The Government contends that the Defendant has no basis to move this Court to suppress any officer observations of him during this investigation.

After Mr. Franklin's arrest, the Defendant made several statements while in the BPAs' custody.[1] The United States does not intend to use, in its case-in-chief, the challenged Defendant statements while under custodial interrogation. For that reason, the Government's position is the Defendant's motion as to suppression of Mr. Franklin's statements to agents made after custodial interrogation is moot.

**Conclusion**

Based on the foregoing, the United States respectfully requests that the Court deny Mr. Franklin's Motion to Dismiss as to suppression of officer observations.

[1] These statements are captured in the relevant BWC file (serial no. D01D09146) that was made available to Defendant. The statements begin at 8:54 and conclude at 9:19 of the file.

Dated: March 30, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Zain Abid*

BY: ZAIN ABID
Special Assistant U.S. Attorney